```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
DANIEL MONSANTO LOPEZ,

                    Petitioner,              MEMORANDUM AND ORDER

          - against -                        16 Cr. 643 (NRB)

UNITED STATES OF AMERICA,                    20 Civ. 2410 (NRB)

                    Respondent.

-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Daniel Monsanto Lopez, proceeding pro se, has filed a petition under 28 U.S.C. § 2255 to vacate his sentence of 135 months' imprisonment and his conviction, pursuant to an open plea, for conspiring to distribute and possess with the intent to distribute cocaine.[1] (ECF No. 212).[2] In his petition, Monsanto Lopez argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Monsanto Lopez claims that his initial retained counsel advised him not to accept a proposed pre-indictment plea agreement with a lower Guidelines Range than the one used by the Court at sentencing, based on a

---

[1] Monsanto Lopez also asks the Court for additional relief, such as the appointment of counsel and to "expand the record" under Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court has previously ordered the record expanded by requiring Monsanto Lopez's original counsel to submit an affidavit addressing the claims advanced in Monsanto Lopez's petition. (ECF No. 9 filed in 20 Civ. 2410(NRB)).

[2] Unless otherwise noted, all ECF citations are to the docket for Monsanto Lopez's criminal case, 16 Cr. 643.

mistaken belief that the Government could not sustain its burden of proof that he was a leader, supervisor, or manager in the criminal conspiracy. For the following reasons, we deny the motion in its entirety.

## BACKGROUND

In May 2016, Monsanto Lopez was arrested for violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Shortly after his arrest, Monsanto Lopez retained counsel. (ECF No. 8). Following four months of negotiations, the Government presented Monsanto Lopez with a pre-indictment proposed plea agreement on September 15, 2016. (ECF No. 212 at 19-24). Under the terms of the proposed agreement, Monsanto Lopez would plead guilty to one count of conspiracy to possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The plea agreement further stipulated a recommended Guidelines Range of 120-121 months imprisonment, given the mandatory minimum applicable to the case. Without applying the mandatory minimum, the Guidelines Range was 97-121 months imprisonment. Monsanto Lopez rejected this proposed plea agreement.

On September 21, 2016, following Monsanto Lopez's rejection of the plea agreement, the Government filed an indictment charging

Monsanto Lopez and three co-defendants with participating in a narcotics conspiracy involving more than five kilograms of cocaine. (ECF No. 27). Two months later, on November 21, 2016, Monsanto Lopez replaced his counsel. (ECF No. 39).

A trial date was set for February 26, 2018. (ECF No. 79). On January 16, 2018, the Government filed its motions *in limine*, seeking to admit surveillance recordings of Monsanto Lopez and cooperator testimony at trial. (ECF No. 91). Less than one month later, on February 12, 2018, Monsanto Lopez entered a guilty plea. (See Tr. of Feb. 12, 2018 Plea Hr'g (ECF No. 106)). At the plea hearing, Monsanto Lopez agreed to plead guilty to conspiring to distribute five or more kilograms of cocaine. While Monsanto Lopez did not plead pursuant to a plea agreement, the Government submitted a *Pimentel* letter reflecting the same Sentencing Guidelines Range as the earlier proposed plea agreement, namely a Sentencing Guidelines Range of 120 to 121 months. This range reflected a calculated range of 97 to 121 months, and the mandatory minimum term of imprisonment of 120 months. (Id.) Monsanto Lopez was specifically asked at his plea hearing before Magistrate Judge Freeman whether he understood that the Guidelines Range in the Government's *Pimentel* letter had no binding effect on his eventual sentence and whether he understood that he could potentially face

a sentence higher than 121 months, which he confirmed:

> THE COURT: Do you understand that the Court will not be able to determine the guidelines for your case until after a presentence report has been completed and both you and the government had the chance to challenge the facts reported there by the probation officer?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: I should also ask with respect to the government's guidelines calculation, do you understand that Judge Buchwald is in no way bound by the guidelines calculation contained in the government's letter, and she will do her own calculation which may end up being different from the calculation stated in the government's letter?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that even if Judge Buchwald agrees with the government's calculation in its letter and therefore concludes that the guidelines range for your case, in light of the mandatory minimum, would be from 120 to 121 months, she would still be free to impose a sentence that is different from that range and perhaps a sentence that is greater than 121 months. Do you understand that?
>
> THE DEFENDANT: Yes.

(Plea Tr., ECF No. 106 at 18:4-9; 23:12-24:1).

Following Monsanto Lopez's plea allocution, additional information about the conspiracy and Monsanto Lopez's role as the leader of the conspiracy was revealed during the trial of his co-defendant Roberto Arce. Arce was convicted at trial and

subsequently sentenced to 120 months imprisonment, based in part on a determination that his role was as a manager of the conspiracy serving under Monsanto Lopez.  (ECF No. 176; ECF No. 149 at 9). As a result of the information that came to light during Arce's trial regarding Monsanto Lopez's role in the conspiracy, and taking into account an increased drug quantity calculation, the Probation Department calculated an increased Sentencing Guidelines Range of 135 to 168 months in Monsanto Lopez's presentence report.  (ECF No. 139).  In May 2019, Monsanto Lopez was sentenced to 135 months imprisonment.  (ECF No. 201).

Proceeding pro se, Monsanto Lopez petitioned this Court under 18 U.S.C. § 2255 to vacate his sentence and conviction and to re-sentence him according to the terms of the rejected September 15, 2016 plea agreement, alleging that his original counsel had instructed him not to accept the plea agreement based on a mistaken impression that Monsanto Lopez was safety valve eligible.  (ECF No. 212).  The Court ordered Monsanto Lopez's original counsel to submit an affidavit addressing these allegations, noting that Monsanto Lopez had waived his attorney-client privilege as a matter of law.  May 15, 2020 Court Order (ECF No. 9).[3]

## LEGAL STANDARD

---

[3] This document is filed in 20 Civ. 2410 (NRB).

A claim of ineffective assistance of counsel may be pursued via a Section 2255 petition. See Massaro v. U.S., 538 U.S. 500, 504-06 (2003). In order to prove a claim of ineffective assistance of counsel, a party must both show that (1) "counsel's representation fell below an objective standard of reasonableness," and that (2) counsel's "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). "The performance inquiry must be whether counsel's assistance was reasonable considering all circumstances." Id. at 688. In reviewing counsel's performance, judicial "scrutiny. . . must be highly deferential." Id. at 699.

## DISCUSSION

Monsanto Lopez's claim that his initial counsel was ineffective because his counsel had a mistaken belief that Monsanto Lopez may have been eligible for a "safety valve" exception fails to meet the Strickland standard. The safety valve exception, 18 U.S.C. § 3553(f), states that a defendant shall be sentenced "without regard to any statutory minimum sentence," provided certain prerequisite factors are met. These factors include the finding that "the defendant as not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal

enterprise." Id. § 3553(f)(4).  Additionally, a defendant must have "truthfully provided to the Government all information and evidence. . .concerning the offense or offenses that were part of the same course of conduct." Id. § 3553(f)(5).

Monsanto Lopez has only provided unsubstantiated and conclusory assertions regarding his conversations with counsel, alleging that counsel "advised him to reject [a proffered] plea agreement because the government would never be able to prove that he was a supervisor or manager." (ECF No. 212).  These assertions are not only unsupported but are contradicted by an affidavit from Monsanto Lopez's initial counsel, filed pursuant to the Court's May 15, 2020 Order, wherein he states that he informed Monsanto Lopez of "the risk of being sentenced as a leader or organizer of a drug conspiracy" at trial and counseled him to accept the plea offer.  (ECF No. 221).

Further, Monsanto Lopez's claim fails under both prongs of the Strickland test.  For purposes of our discussion of the Strickland test we will assume, contrary to counsel's sworn declaration, that Monsanto Lopez was advised not to accept the proposed guilty plea on the basis that the Government could not prove that his role in the offense disqualified him from being safety valve eligible.  Any evaluation of whether this advice fell

within the broad range of competence must begin with the state of counsel's knowledge at the time of the alleged advice. Even assuming that counsel advised Monsanto Lopez to reject the plea offer on the basis that Monsanto Lopez could be safety valve eligible because the Government could not prove that he was an "organizer, leader, manager, or supervisor," Monsanto Lopez does not introduce any evidence to support a conclusion that counsel's advice was erroneous based on the information in counsel's possession.[4] See Baez v. United States, No. 02C Civ. 8703 (DAB), 96 Cr. 257 (DAB), 2005 WL 106901, at *4-5 (S.D.N.Y. Jan. 19, 2005) (finding no ineffective assistance of counsel where counsel's belief and understanding based on conversations with defendant and the Government was that defendant was safety valve eligible, even though he was not).

In this petition, Monsanto Lopez does not even claim that he informed his attorney of the full extent of his involvement in this crime. Instead, it appears that information indicating Monsanto Lopez's leadership role surfaced as a result of Arce's trial and the testimony of cooperating witnesses. See Government Sentencing Submission at 4-7 (ECF No. 142). Nor does Monsanto Lopez allege that his counsel knew this information during the

---

[4] Given the evidence at Arce's trial, it is reasonable to conclude that Monsanto Lopez was not fully forthcoming with his counsel.

plea negotiations. Without additional knowledge regarding the extent of Monsanto Lopez's role, and apparently with Monsanto Lopez failing to divulge this information in proffer sessions (which would have automatically barred him from safety valve eligibility), the Court finds that Monsanto Lopez's counsel's assessment regarding safety valve eligibility did not "fall below an objective standard of reasonableness." Strickland, 466 U.S. at 687. With no additional factual support, Monsanto Lopez's claims also do not warrant an evidentiary hearing to develop the factual record. Fermin v. United States, 859 F. Supp. 2d 590, 601 (S.D.N.Y. 2012). "[W]here a petitioner makes only vague, conclusory, or palpably incredible allegations, a hearing is not required," particularly when the motion does not "set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Celaj v. United States, 516 F. Supp. 3d 351, 361 (S.D.N.Y. 2021).

Assuming *arguendo* that Monsanto Lopez's counsel had been ineffective, Monsanto Lopez is unable to show that the allegedly ineffective assistance resulted in prejudice under the second prong of Strickland. First, in order to obtain safety valve eligibility, Monsanto Lopez would have had to disclose his full

role as the leader and organizer of the conspiracy, which would have disqualified him from safety valve treatment. See 18 U.S.C. § 3553(f)(4)-(5). There is no indication in the record that Monsanto Lopez had any desire to be truthful in this regard, as he continued to argue that he was not the leader of the conspiracy even in his final sentencing submission. (ECF No. 196 at 4). Second, Monsanto Lopez continued to plead his innocence for over a year before changing his plea, even after replacing his original counsel with another attorney. Given this sequence, it strains credulity to place responsibility on his initial counsel for his decision not to accept the Government's proposed plea agreement. The decision to plead guilty occurred only after Monsanto Lopez saw the evidence that the Government planned to present at trial when it filed its motions *in limine*. Third, the Government's *Pimentel* letter contained the same Guidelines Range as the proffered plea agreement. See Petitioner's Mot., Exs. A-B (ECF No. 212). Monsanto Lopez suffered no penalty with respect to the Guidelines Range by rejecting the plea agreement. Finally, the proffered plea agreement contained language stating that it was not binding on the Court, that "[t]he defendant acknowledges that his/her entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including

the statutory maximum sentence," and that "the Guidelines are not binding on the Court."  Petitioner's Mot., Ex. A at 4 (ECF No. 212).  Given that neither the plea agreement nor the *Pimentel* letter submitted at Monsanto Lopez's plea hearing were binding on the Court and both contained the same recommended Guidelines Range, there would have been no practical difference in Monsanto Lopez's sentence had he accepted the September 2016 agreement.

## CONCLUSION

For the reasons discussed above, Monsanto Lopez's petition is denied.  Furthermore, as Monsanto Lopez has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253.  It is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3).  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 212 in Case No. 16 Cr. 643 and No. 1 in Case No. 20 Civ. 2410, and to close Case No. 20 Civ. 2410.

**SO ORDERED.**

Dated:   New York, New York
         November 23, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE